IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROLAND RAMSEY,
       Petitioner,

vs.                              Case No. 5:10cv9/SPM/EMT

EDWIN G. BUSS,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 18) the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6). Respondent seeks dismissal of the petition on the basis that it was untimely filed, pursuant to 28 U.S.C. § 2244(d). Respondent filed a copy of the state court record in support of the motion to dismiss (Doc. 18, Exhibits). Petitioner filed a response in opposition to the motion to dismiss (Doc. 21).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 18; *see also* Doc. 21 at 1).[1] Petitioner was charged in the Circuit Court in and for Jackson County, Florida, with one count of sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver a controlled substance (Ex. B at 1). Petitioner pleaded nolo

_____

[1] Hereinafter, all exhibits refer to the state court record filed with Respondent's motion to dismiss (Doc. 18).

contendere, pursuant to a written plea agreement (*id.* at 11–12).  The trial court adjudicated Petitioner guilty and sentenced him, pursuant to the plea agreement, to a term of three (3) years of probation, with the first nine (9) months to be served in the county jail, with pre-sentence credit of 94 days (*id.* at 14–20).  Petitioner did not appeal the judgment (*see* Doc. 18 at 2).

On September 8, 2004 and October 25, 2004, violation of probation warrants issued (*id.* at 24, 36).  A violation of probation hearing was held on February 15, 2005, at which Petitioner was represented by counsel (*id.* at 40–77).  Petitioner was found guilty of violating his probation and sentenced to fifteen (15) years of imprisonment, with pre-sentence credit of 325 days (*id.* at 80–86).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA").  On February 23, 2006, the First DCA affirmed the judgment (Ex. F). Ramsey v. State, 921 So. 2d 779 (Fla. 1st DCA 2006).  Petitioner's counsel filed a notice to invoke discretionary jurisdiction in the Florida Supreme Court (Ex. G).  On October 31, 2008, the Florida Supreme Court denied the petition (Ex. I).  Ramsey v. State, No. SC06-390, 3 So. 3d 1247, 2008 WL 5772527 (Fla. 2008).  Petitioner's counsel filed a petition for writ of certiorari in the United States Supreme Court (Ex. J).  The Supreme Court denied review on January 12, 2009 (Ex. K).  Ramsey v. Florida, 129 S. Ct. 939, 173 L. Ed. 2d 139 (2009).

Petitioner filed the instant federal habeas action on January 14, 2010 (Doc. 1 at 1, 17).  He raises one claim:  the court revoked his probation without affording him the right or opportunity to confront his accusers, in violation of the Sixth Amendment (*see* Doc. 6 at 4).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing his § 2254 petition existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the date his conviction became final.  Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The parties do not dispute that Petitioner's conviction became final for purposes of the AEDPA on January 12, 2009, the date the United States Supreme Court denied review (*see* Doc. 18 at 4; Doc. 21 at 1).  *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)).  Therefore, Petitioner had one year from that date, or until January 12, 2010, to file his federal habeas petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner concedes he did not file his habeas petition by January 12, 2010 (*see* Doc. 21 at 1).  Therefore, it was untimely.  *See* Close v. United States, 336 F.3d 1283 (11th Cir. 2003) (a petition filed one day late is untimely).

In Petitioner's response to the motion to dismiss, he appears to assert he is entitled to equitable tolling of the limitations period (*see* Doc. 21).  A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted).  Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005).  Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The burden of establishing entitlement to this extraordinary remedy rests with Petitioner.  *See* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

In the instant case, Petitioner states he has no legal education and relied upon the pro bono services of his previous counsel to assist him in drafting the appropriate documents to file in this court (*id.* at 1–2).  He states counsel was obligated to perform work in other cases and could help Petitioner only as his schedule permitted (*id.* at 2).  Petitioner additionally states that due to his incarceration, postage and copying costs created a severe financial strain, and mailing and receiving documents was difficult and time consuming (*id.*).  He asserts he "acted with all due diligence and has not intentionally done anything [to] impede the administration of justice" (*id.*).

Initially, Petitioner has failed to show he diligently pursued his rights during the year after his conviction became final.  Additionally, he does not allege that the attorney assisting him engaged in any misconduct, either negligent or deliberate, that contributed to his untimely filing. Furthermore, the circumstances of his incarceration, including the financial costs of copying and mailing documents and difficulties and delays in sending and receiving documents, are not

extraordinary; they are usual incidents of prison life.[2]  Moreover, Petitioner has not provided details of any specific actions he took toward filing his federal petition within the statutory time period, nor does he allege that he took any efforts to determine when the relevant limitations period began to run.  In the absence of any connection between Petitioner's alleged circumstances and the untimely filing of the instant federal petition, he has failed to show he is entitled to equitable tolling.

For the aforementioned reasons, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 18) be **GRANTED**.

---

[2] Petitioner's incarceration does not appear to impose any additional financial burden to his filing than the burden carried by non-prisoners.  Habeas petition forms are available to prisoners from the court free of charge.  *See* N.D. Fla. Loc. R. 5.1(J).  Additionally, Florida correctional institutions do not require inmates to pre-pay the cost of copying or mailing legal documents.  *See* Fla. Admin. Code rr. 33-210.102, 33-501.302.  Instead, the services are provided to inmates and a lien is placed on their inmate accounts for the costs of copying and mailing legal documents.  *Id.*

2.      That the amended petition for writ of habeas corpus (Doc. 6) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of April 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**